**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0800, <u>Petition of State of New Hampshire</u>, the court on October 22, 2015, issued the following order:**

Having considered the briefs of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. In this petition for original jurisdiction, <u>see</u> <u>Sup. Ct. R.</u> 11, the petitioner, the State of New Hampshire, seeks review of an order of the Circuit Court (<u>Rappa</u>, J.) denying the State's motion for partial reconsideration and ruling that the respondent, William Wertz, could be found guilty only of a class B misdemeanor because the State failed to file the notice of intent to seek class A misdemeanor penalties required by RSA 625:9, IV(c) (Supp. 2014). We deny the petition.

The relevant facts follow. In October 2013, the State filed a complaint that charged the respondent with indirect criminal contempt for purposely violating a condition of his bail by committing the crime of driving after suspension while on release. At a bench trial in August 2014, the trial court convicted the respondent. At sentencing, the respondent argued that, because the State had not filed the notice required by RSA 625:9, IV(c) of its intent to seek class A misdemeanor penalties, the court could impose only a class B misdemeanor sentence. The trial court agreed with the respondent, imposing a fine of $500 with $250 of the fine suspended. In its motion for partial reconsideration, the State argued that RSA 625:9 (Supp. 2014) does not apply to indirect criminal contempt. The trial court denied the State's motion. This petition for writ of certiorari followed.

Certiorari is an extraordinary remedy that is not granted as a matter of right, but rather at the discretion of the court. <u>Petition of State of N.H. (State v. San Giovanni)</u>, 154 N.H. 671, 674 (2007). We exercise our power to grant the writ sparingly and only where to do otherwise would result in substantial injustice. <u>Id</u>. Certiorari review is limited to whether the trial court acted illegally with respect to jurisdiction, authority or observance of the law, or unsustainably exercised its discretion or acted arbitrarily, unreasonably, or capriciously. <u>Id</u>.

Here, the State has failed to demonstrate that the trial court improperly sentenced the defendant. As the respondent cogently argues:

> [T]here is no reason to believe that, if the State were to prevail in this appeal, a remand to the circuit court would produce any different result, because that court did not impose the maximum possible sentence even for a class B misdemeanor. RSA 651:2, IV(a) sets the maximum fine for a class B misdemeanor at $1200. Here, the court sentenced [the respondent] to a $500 fine with half of that amount suspended. Even if the offense were reclassified as an A misdemeanor, the circuit court could impose the same sentence, a decision that would, by operation of law, result in the recording of the conviction as a class B misdemeanor. RSA 625:9, VIII. Thus, even if the State were correct in its legal analysis, there is no reason to anticipate a different outcome either as to sentence or as to the recording of the conviction as a B misdemeanor.

(Citation omitted.) Because "[t]he trial court's sentencing fell within the range of its reasonable discretion[,] [w]e . . . deny the State's petition for writ of certiorari." Petition of State of N.H., 152 N.H. 185, 191 (2005).

Petition denied.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**

2